IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRITTANY SINCLAIR, individually and on behalf of all others similarly situated | ) CASE NO. ) ) JUDGE: |
| Plaintiff, | ) ) |
| | ) **COLLECTIVE ACTION** ) **COMPLAINT** ) |
| v. | ) ) |
| MORAN FOODS, LLC c/o CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219 | ) ) ) ) ) ) |
| Defendant. | ) |

Plaintiff Brittany Sinclair, by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this Complaint against Defendant Moran Foods, LLC ("Moran"), and in support of her claims, states as follows:

## PRELIMINARY STATEMENT

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period by Defendant, in the business of discount grocery sales.

2. During the pendency of Sinclair's employment with Defendant, Defendant regularly engaged in the practice of "time shaving," by which Defendant would erase time worked from Sinclair's time records in order to pay her for fewer hours than she actually worked.

3. Specifically, Defendant would manually clock Sinclair out for a thirty-minute break each day, even if Sinclair had not actually taken a break.

4. The members of the proposed class were subject to the same time-shaving policies.

5. As a result of Defendant's time-shaving policy, Sinclair was not paid minimum wage for all hours worked.

6. As a result of Defendant's time-shaving policy, Sinclair was not paid an overtime premium for all of her overtime hours.

7. As a result of Defendant's time-shaving policy, the members of the proposed class were also not paid minimum wage for all hours worked nor paid an overtime premium for all of their overtime hours.

8. As a result of Defendant's time-shaving policy, and failure to compensate Sinclair and similarly situated employees for all hours worked, Defendant has violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, Ohio Rev. Code § 4113.15 by failing to pay Sinclair, and similarly situated employees, minimum wages for all hours worked and an overtime premium for all of their overtime hours as required by the FLSA, OMFWSA, and Ohio Rev. Code § 4113.15.

9. Sinclair brings this action on behalf of herself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

11. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental jurisdiction.

12. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendant operates a business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

13. Plaintiff Brittany Sinclair is a resident of the city of Euclid, county of Cuyahoga, and state of Ohio.

14. From June 3, 2019 to present Sinclair worked for Defendant.

15. Sinclair works at the Save-a-Lot store located at 15870 Broadway Avenue, Maple Heights, Ohio 44137.

16. Sinclair was hired as a cashier on June 3, 2019, and was promoted to shift lead on August 4, 2019.

### Defendant

17. Defendant Moran Foods, LLC is a Foreign corporation.

18. Moran, doing business as Save-A-Lot, Ltd., owns, operates, and licenses a chain of discount grocery stores, including the Maple Heights store located at 15870 Broadway Avenue, Maple Heights, Ohio 44137.

19. Moran has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20. Moran is an "employer" of Sinclair, and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

21. At all relevant times, Moran maintained control, oversight, and direction over Sinclair, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

22. At all relevant times, Moran has been and continues to be engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

## FACTUAL ALLEGATIONS

23. Sinclair, and similarly situated employees, work or worked for Defendant during the applicable statutory period.

24. Sinclair, and similarly situated employees, are engaged in the production of goods for interstate commerce.

25. Alternatively, Sinclair, and similarly situated employees, are engaged in an activity that is closely related and directly essential to the production of goods for interstate commerce.

26. Sinclair, and similarly situated employees, are covered employees who are not otherwise exempt.

27. The FLSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $7.25 per hour.

28. The OMFWSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $8.55 per hour.

29. As of November 1, 2016, all covered workers who are not otherwise exempt are entitled to overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) per workweek

30. Defendant compensated and/or compensate Sinclair, and similarly situated employees for their work on an hourly basis.

31. Defendant has a policy of erasing time worked from the time records in order to pay workers for fewer hours than they worked, also known as "time-shaving."

32. Specifically, a store manager, Wayne Fisher, would manually clock Sinclair, and similarly situated employees, out for a thirty-minute break each day, even if that employee had not actually taken a break.

33. Upon information and belief, time-shaving is a company-wide practice.

34. Upon information and belief, this time-shaving policy has been instituted by Fisher against all hourly employees.

35. Defendant willfully deprived Sinclair, and similarly situated employees, of minimum wages and overtime compensation by paying them less than what is required under federal law.

36. Defendant knew that Sinclair, and similarly situated employees, worked without receiving minimum wage pay and overtime compensation because Sinclair complained to Fisher about Defendant's practice of clocking her and her coworkers out on breaks even when they had not taken breaks.

37. Fisher responded to Sinclair's complaints regarding time-shaving with, "It's a company policy."

38. When Sinclair asked Fisher to pay her for the hours that she had worked, Fisher refused.

39. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

40. Sinclair brings Count I on behalf of herself and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows:

    > All hourly non-exempt employees who have been employed by Defendant from November 1, 2016, until the date of final judgment in this matter.

41. Sinclair consents to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b).

42. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

43. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

44. Sinclair, and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Sinclair, and the FLSA Collective.

45. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

## **COUNT I – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA**
**(On Behalf of Sinclair, and the FLSA Collective)**

46. Plaintiffs reallege and incorporate by reference the above paragraphs as if fully set forth herein.

47. Defendant is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

48. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendant to pay non-exempt employees like Sinclair, and the FLSA Collective, minimum wage.

49. Sinclair, and the FLSA Collective, worked for Defendant, but Defendant did not pay them the minimum wage required by the FLSA.

50. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Sinclair and the FLSA Collective.

51. Defendant knew Sinclair, and the FLSA Collective worked without receiving minimum wage, and it willfully failed and refused to pay Sinclair, and the FLSA Collective minimum wages pursuant to 29 U.S.C. § 255.

52. Defendant's willful failure and refusal to pay Sinclair, and the FLSA Collective minimum wages for time worked violates the FLSA, 29 U.S.C. § 207.

53. As the direct and proximate result of Defendant's unlawful conduct Sinclair, and the FLSA Collective, have suffered and will continue to suffer a loss of income and other damages. Sinclair, and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

### COUNT II – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA
(On Behalf of Sinclair, and the FLSA Collective)

54. Plaintiffs reallege and incorporate by reference the above paragraphs as if fully set forth herein.

55. Defendant is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

56. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendant to pay non-exempt employees like Sinclair, and the FLSA Collective, no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

57. Sinclair, and the FLSA Collective, regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

58. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Sinclair and the FLSA Collective.

59. Defendant knew Sinclair, and the FLSA Collective, worked overtime without proper compensation, and it willfully failed and refused to pay Sinclair, and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 255.

60. Defendant's willful failure and refusal to pay Sinclair, and the FLSA Collective, overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

61. As the direct and proximate result of Defendant's unlawful conduct, Sinclair, and the FLSA Collective, have suffered and will continue to suffer a loss of income and other damages. Sinclair, and the FLSA Collective, are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

### COUNT III – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT
**(On Behalf of Sinclair)**

62. Sinclair realleges and incorporates by reference the above paragraphs as if fully set forth herein.

63. Starting June 3, 2019, Defendant did not pay Sinclair at least minimum wages.

64. By not paying Sinclair proper minimum wages for time worked, Defendant has violated the OMFWSA.

65. As a result of Defendant's violations, Sinclair is entitled to damages, including, but not limited to, unpaid minimum wages, costs, and attorney's fees.

## COUNT IV – FAILURE TO PAY OVERTIME IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT
**(On Behalf of Sinclair)**

66. Sinclair realleges and incorporates by reference the above paragraphs as if fully set forth herein.

67. Sinclair worked more than forty (40) hours in one or more workweeks.

68. Starting June 3, 2019, Defendant did not pay Sinclair at least one and a half times her normal hourly rate for all time worked in excess of forty (40) per workweek.

69. By not paying Sinclair proper overtime wages for time worked in excess of forty (40) per workweek, Defendant has violated the OMFWSA.

70. As a result of Defendant's violations, Sinclair is entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorney's fees.

## COUNT V – UNTIMELY PAYMENT OF WAGES IN VIOLATION OF OHIO REV. CODE § 4113.15
**(On Behalf of Sinclair)**

71. Sinclair realleges and incorporate by reference the above paragraphs as if fully set forth herein.

72. During all relevant times, Defendant was an entity covered by the Prompt Pay Act, Ohio Rev. Code § 4113.15, and Sinclair was an employee within the meaning of Ohio Rev. Code § 4113.15 and was not exempt from its protections.

73. Ohio Rev. Code § 4113.15(A) requires that Defendant pay Sinclair all wages, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

74. Sinclair's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

75. In violating Ohio law, Defendant acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

76. As a result of Defendant's willful violation, Sinclair is entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

**WHEREFORE**, Plaintiff Brittany Sinclair prays for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Sinclair, and her counsel to represent the collective action members;

B. Unpaid minimum wage pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

D. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Ohio Rev. Code § 4113.15;

E. An award of unpaid minimum wages under the OMFWSA;

F. An award of unpaid overtime wages under the OMFWSA;

G. Liquidated damages under Ohio Rev. Code § 4113.15;

H. An award of any pre-judgment and post-judgment interest.

I. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

J. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
wade@swmlawfirm.com
sobel@swmlawfirm.com

*Attorneys for Plaintiff Brittany Sinclair, and the FLSA Collective*

## JURY DEMAND

Plaintiffs hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)